UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT BENOIT,<br><br>                    Petitioner,<br><br>       v.<br><br>PATRICK GLEBE,<br><br>                    Respondent. | CASE NO. C13-5208 RJB/KLS<br><br>ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING |

Petitioner Robert Benoit filed his Petition for Writ of Habeas Corpus on March 20, 2013. Before the Court is Petitioner's Motion for Evidentiary Hearing. ECF No. 11. Having carefully reviewed the motion, the Court finds that is should be denied.

## DISCUSSION

State court findings are presumptively correct in federal habeas proceedings, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S .C. § 2254(e)(1). In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). Because the deferential standards prescribed by § 2254 of the Antiterrorism and Effective Death Penalty Act (AEDPA) control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate. *Id*. If the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id*.

1        An evidentiary hearing is not required where the petition raises questions of law only or where the issues may be resolved on the basis of the state court record. *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir.1998). The petitioner must demonstrate that an evidentiary hearing would materially advance his claims and explain why the record before the court, or an expanded record, is inadequate for review. *Totten*, 137 F.3d at 1176–77; see also Rule 8 of the Rules Governing Section 2254 Cases.

        If the petitioner failed to develop the factual basis for a claim in state court, § 2254(e)(2) bars an evidentiary hearing unless two prerequisites exist. First, the facts underlying the claim must establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. § 2254(e)(2). Second, either (a) the claim relies on a new rule of constitutional law that the Supreme Court has made retroactive and that was not previously available, or (b) the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence. *Id*.

        Section 2254(e)(2) applies only where the failure to develop a claim is due to fault or a lack of diligence on the part of the prisoner or his counsel. *Williams v. Taylor*, 529 U.S. 420, 432, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). Even if § 2254(e)(2) allows the petitioner's claim, "that does not mean he is entitled to an evidentiary hearing - only that he may be. Consistent with AEDPA's goal of streamlining the habeas process, § 2254(e)(2) specifies the situations where evidentiary hearings are allowed, not where they are required." *McDonald v. Johnson*, 139 F.3d 1056, 1059–60 (5th Cir.1998) (emphasis in original).

        In this case, the Court cannot determine whether an evidentiary hearing is required. The Respondent has not yet filed an answer and submitted the relevant state court record. The habeas petition was served on Respondent on March 27, 2013. Respondent has been directed to file, within forty-five (45) days of such service, an answer in accordance with Rule 5 of the Rules

1  Governing §2254 Cases in United States District Courts.  As part of such answer, Respondent

2  will state whether Petitioner has exhausted available state remedies, whether an evidentiary

3  hearing is necessary, and whether there is any issue of abuse or delay under Rule 9.  After the

4  answer is filed, the matter will be noted for consideration on the fourth Friday thereafter and Mr.

5  Benoit will have an opportunity to respond no later than the Monday immediately preceding the

6  Friday appointed for consideration of the matter.   After the answer has been filed, Mr. Benoit

7  may request an evidentiary hearing, keeping in mind the requirements that must be met before

8  one will be ordered.

9          Accordingly, it is **ORDERED:**

10         (1)     Petitioner's motion for evidentiary hearing (ECF No. 11) is **DENIED without**

11 **prejudice.**

12         (2)     The Clerk shall send a copy of this Order to Petitioner and counsel for

13 Respondent.

14         **DATED** this 2nd_ day of May, 2013.

                                    Karen L. Strombom
                                    United States Magistrate Judge